United States District Court
Southern District of Texas
FILED

MAY 1 7 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SUSAN TATE | § § § | |
| | § | CIVIL ACTION NO. B-02-103 |
| VS. | § | JURY DEMAND |
| | § | |
| WILLIAM CARTER COMPANY | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, SUSAN TATE hereinafter referred to by name or alternatively as plaintiff, and hereby complains of defendant WILLIAM CARTER COMPANY, hereinafter referred to as defendant.

## PARTIES

1.  Plaintiff, SUSAN TATE, resides at 2925 Jacaranda, Harlingen, Cameron County, Texas 78550.

2.  Defendant, WILLIAM CARTER COMPANY, is a foreign corporation formed under the laws of another state but duly licensed to transact business in Texas. It may be served with process herein by serving its registered agent for service, CT Corporations Systems, 350 N. St. Paul St., Dallas, Texas 75201

3.  This is an action for damages to secure protections of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-3 et seq. (hereafter "Title VII"), providing for relief against discrimination in employment, and for damages resulting from Assault, Harassment, Invasion of

1

Privacy and Intentional Infliction of Emotional Distress.

## FACTUAL ALLEGATIONS

4. The injuries and damages suffered by the plaintiff and made the basis of this action occurred in Cameron County, Texas. At such time and place, SUSAN TATE, was an employee of WILLIAM CARTER COMPANY.

5. The plaintiff is a female who was sexually harassed by the Plant Manager where she worked. As such she falls within a protected class under Title VII of the Civil Rights Act of 1964.

6. The defendant, WILLIAM CARTER COMPANY, is an employer with more than 15 employees and thus is subject to the provisions of Title VII which protects plaintiff from the illegal and discriminatory action described herein.

7. The plaintiff worked for the defendant approximately 9 years as its Occupational Health Nurse . During that time, she was a loyal, dedicated and hardworking employee who often performed tasks beyond the scope of her job description. Despite this, she was discriminated against and ultimately terminated as the culmination of discriminatory treatment she received on account of her female gender.

8. Specifically, in 1998, Defendant Gary Butts was made Plant Manager of the William Carter Company facility in Harlingen. Shortly after Butts took over as manager, he began harassing the Plaintiff. The harassment started in the form of threats, such as he could do what he wanted in the Plant and know one could touch him. Later he took the liberty of calling Plaintiff at home and asking to do personal favors for him.

2

9. After that, he became more personal and asked Plaintiff if it was true that her first husband divorced her because he caught her in bed with her present husband. Plaintiff was shocked and humiliated and told him to refrain from asking personal questions. Plaintiff also told her husband of this incident and he confronted Gary Butts. Shortly thereafter, Butts began to monitor Plaintiff's phone calls and make sure he was present when her husband came to pick her up from work.

10. After this incident, Butts began to harass Plaintiff at home by calling the house up to 6 or 7 times a day. When Plaintiff confronted him, he said he was going to report me to Child Protective Services so they could take away her children. He later retaliated against Plaintiff by changing some of her work responsibilities.

11. On January, 2001 I reported the harassment to management. Rather than fixing the problem, it made it worse. On one occasion Gary Butts tried to run Plaintiff's husband over with his truck. He also would follow Plaintiff around town as she would do personal errands like taking her kids to school.

12. Management at the company also started harassing Plaintiff. For example, when she spoke to Human Resources, she was told if things were so bad why didn't she just quit. She was also told that they had heard a rumor that Plaintiff was having an affair with Gary Butts. Plaintiff felt they were insinuating she had encouraged his conduct.

13. The Carter's plant closed in May of 2001. Before Plaintiff reported the harassment, she had been offered jobs in other plant's. After she reported the harassment, she was not even given the option of moving.

14. After the Carter's plant closed, Gary Butts continued to work in the area. He also continued to harass Plaintiff and threaten her life. Things got so bad that she filed a police report with the Harlingen police department. Plaintiff continued to talk to executives at Carter's regarding Butt's behavior and was not given any assurances that they would do anything to make him stop.

15. Finally, Gary Butts was moved from the area but continued as a Carter's employee. Nonetheless, he continued to harass Plaintiff from his home in Georgia. He has gone as far as to make death threats against Plaintiff and her family. There are two warrants currently out for his arrest with the Harlingen Police Department. Despite this, the defendant continues to sit idly by while Butts destroys Plaintiff's life.

16. Because of the foregoing, within 300 days of the occurrence of the acts complained of, plaintiff filed her complaint with the Equal Employment Opportunity Commission alleging that the defendant had committed an unlawful employment practice against the plaintiff. Plaintiff received from the Equal Employment Opportunity Commission a "Right to Sue" letter allowing plaintiff to file this lawsuit within 90 days of its receipt. All conditions precedent to the filing of this lawsuit as required by law have been performed or have occurred.

17. Plaintiff asserts that the acts of the defendant are of a repetitive nature, each act having a relationship to the other acts of discrimination. As such, defendant's actions amount to a continuing violation of the rights of the plaintiff protected under Title VII.

18. Plaintiff further asserts and intends to prove that the treatment she received was a pattern and practice engaged in by the defendant towards the plaintiff and others similarly situated. This unwritten plan or scheme was to discriminate against and/or eliminate many of its female employees. Plaintiff would further show that defendant habitually and repeatedly engaged in a pattern of discrimination and/or retaliation towards the plaintiff and others similarly situated.

19. As further cause of action, Plaintiff sues defendant for the wrongful and offensive acts committed against her person. On such occasions, the defendant intentionally and knowingly committed acts that placed plaintiff in apprehension of imminent physical contact, when defendant knew or should have known that such contact would be offensive to the plaintiff. Plaintiff sue defendants for the tort of **Assault.**

20. As further cause of action, defendant's conduct of intruding into plaintiff's private affairs were of such a highly offensive nature as to cause objections to any reasonable person of ordinary sensibilities. As a result of defendant's actions, plaintiff sues defendant for the tort of **Invasion of Privacy.**

21. As further cause of action, Plaintiff asserts that defendant's actions, in the nature of extreme and outrageous conduct, were intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Defendant's actions caused plaintiff mental as well as physical pain. As a result of defendant's actions, Plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of the Court. Plaintiff sues defendant for the tort of **Intentional Infliction of Emotional Distress.**

22. As a result of the incidents described above, that is made the basis of this suit, plaintiff has suffered mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of her natural life. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earning will continue long into the future. In that defendant acted with actual malice and malice, plaintiff further requests that exemplary damages be awarded against the defendant

23. This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the plaintiff and grant such other necessary and proper relief allowed by a declaratory judgment.

24. By reason of the allegations of this petition, plaintiff is entitled to recover attorney fees in a sum that is reasonable and necessary. In this connection, plaintiff will show that she is actively seeking an attorney to assist her in the prosecution of this action. A reasonable attorneys fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in the case, plaintiff fully expects that the defendant will appeal this case. Plaintiff seeks attorneys fees to compensate the plaintiff for the attorneys fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and./or law clerks who assisted in the prosecution of the case. As permitted, plaintiff also seeks to recoup all litigation expenses expended in the prosecution of this lawsuit.

25. **Plaintiff requests a jury trial.**

26. WHEREFORE PREMISES CONSIDERED, plaintiff prays that this Honorable Court grant the following:

   a) Judgment against defendant, for the relief listed above and as otherwise permitted by law;

   b) Prejudgment interest as allowed by law;

   c) Attorney and litigation fees and expenses;

   d) Interest on said judgment at the legal rate from date of judgment;

   e) For costs of suit herein;

   f) Such other relief as the Court deems proper.

Respectfully submitted,

*Susan Tate*
Susan Tate
Plaintiff *Pro Se*
2925 Jacaranda
Harlingen, TX. 78550
(956) 428-1885

AO 440 (Rev. 10/93) Summons in a Civil ~~on~~

# United States District Court

SOUTHERN _____ DISTRICT OF _____ TEXAS

Susan A. Tate
V.

William Carter, Co.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: CA B-02-103

TO: (Name and address of defendant)

CT Corporations System
350 N. St. Paul Street
Dallas, TX 75201

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Susan Tate Plaintiff Pro Se
2925 Jacaranda
Harlingen, TX 78550

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk
CLERK

_[signature]_
(BY) DEPUTY CLERK

May 17, 2002
DATE