4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**JUN 1 1 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SUSAN TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM CARTER COMPANY, | ) | CASE NO. B-02-103 |
| | ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIM

NOW COMES the Defendant, The William Carter Company, by and through counsel and files its Answer to Plaintiff's Complaint. As to the enumerated paragraphs in the Complaint, Defendant responds as follows:

1.    Defendant admits, upon information and belief, that Plaintiff resides at the address alleged in paragraph 1 of the Complaint.

2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.    Defendant acknowledges, as alleged in paragraph 3 of the Complaint, that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of

1

1964, as amended, and for damages allegedly resulting from assault, harassment, invasion of privacy, and intentional infliction of emotional distress. Defendant denies that it committed any of the wrongs alleged in paragraph 3 of the Complaint.

4.     Defendant admits only that Defendant employed Plaintiff at its facility in Harlingen, Texas from April 1997 until on or about May 11, 2001. Defendant denies the remaining allegations in paragraph 4 of the Complaint.

5.     Defendant denies all allegations raised in paragraph 5 of the Complaint.

6.     Defendant admits only that prior to May 11, 2001, Defendant employed more than 15 employees at its Harlingen, Texas facility. Defendant denies all remaining allegations raised in paragraph 6 of the Complaint.

7.     Defendant admits only that it employed Plaintiff as an Occupational Health Nurse at its Harlingen, Texas facility from August 1992 until October 1996, and from April 1997 until on or about May 11, 2001. Defendant denies the remaining allegations raised in paragraph 7 of the Complaint.

8.     Defendant admits only that Gary Butts became the manager of Defendant's Harlingen, Texas facility in 1998. Defendant denies all remaining allegations raised in paragraph 8 of the Complaint.

2

9.      Defendant denies the allegations raised in paragraph 9 of the Complaint.

10.     Defendant denies the allegations raised in paragraph 10 of the Complaint.

11.     Defendant denies the allegations raised in paragraph 11 of the Complaint.

12.     Defendant denies the allegations raised in paragraph 12 of the Complaint.

13.     Defendant admits only that its Harlingen, Texas facility was closed in May 2001. Defendant denies all remaining allegations raised in paragraph 13 of the Complaint.

14.     Defendant admits only that following her termination in May 2001, Plaintiff contacted management for Defendant on several occasions making allegations against Gary Butts, but that Plaintiff refused to cooperate with Defendant in investigating her allegations. Defendant lacks sufficient information to admit or deny Plaintiff's allegations in paragraph 14 pertaining to the conduct of Gary Butts following her termination, and the same are, therefore, denied. All remaining allegations raised in paragraph 14 of the Complaint are denied.

15.    Defendant admits only that Gary Butts remained an employee of Defendant following the close of the Harlingen, Texas facility, and was transferred to Defendants's office in Morrow, Georgia in July 2001. All remaining allegations raised in paragraph 15 of the Complaint are denied.

16.    Defendant admits only that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 18, 2002 alleging violations of Title VII of the Civil Rights Act of 1964, and alleging that the last alleged violation occurred on April 24, 2002. Defendant denies that Plaintiff's charge had merit and denies the substantive allegations of discrimination therein. Defendant lacks sufficient information to admit or deny Plaintiff's allegations in paragraph 16 of the Complaint that she received a Right to Sue notice from the EEOC or that she filed suit within 90 days of its receipt, and the same are, therefore, denied. Defendant denies all remaining allegations in paragraph 16 of the Complaint.

17.    The allegations raised in paragraph 17 of the Complaint seek a legal conclusion and are denied.

18.    Defendant denies the allegations raised in paragraph 18 of the Complaint.

19.    Defendant denies the allegations of paragraph 19 of the Complaint.

20.    Defendant denies the allegations of paragraph 20 of the Complaint.

21.    Defendant denies the allegations of paragraph 21 of the Complaint.

22.    Defendant denies the allegations of paragraph 22 of the Complaint.

23.    Defendant admits only that Plaintiff's allegations of violations of Title VII of the Civil Rights Act of 1964 bring this matter within the subject matter jurisdiction of this Court.  Defendant denies all remaining allegations raised in paragraph 23 of the Complaint.

24.    Defendant lacks sufficient information to admit or deny whether Plaintiff is actively seeking an attorney as alleged in paragraph 24 of the Complaint.  Defendant denies all remaining allegations raised in paragraph 24.

25.    Defendant acknowledges that Plaintiff requests a jury trial.

26.    Defendant denies that Plaintiff is entitled to any relief, including that which is requested in paragraph 26 of the Complaint.

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff is barred from recovery because the Complaint fails to state a claim upon which relief may be granted against Defendant.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff is barred from recovery because Plaintiff, through a valid, written agreement, released any and all legal claims she may have had against Defendant

relating in any way to her employment or termination of employment with Defendant.

## THIRD AFFIRMATIVE DEFENSE

It is against the policy of Defendant for any agent of Defendant to discriminate or retaliate against an employee for the exercise of rights under the law, and while Defendant denies that Plaintiff was discriminated or retaliated against in violation of law, any illegal discrimination or retaliation committed against Plaintiff by any employee of Defendant occurred outside the scope of that employee's agency with Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies and prerequisites to filing suit, and to the extent she did, she is barred from recovery.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to file an administrative charge within the time periods allowed by law and, therefore, her claims are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Defendant terminated Plaintiff for a neutral, non-discriminatory and non-retaliatory reason.

6

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for punitive or exemplary damages. Defendant's actions in this matter have been in good faith, reasonable, and justified, and no fact in this case can or would justify the imposition of punitive or exemplary damages.

## COUNTERCLAIM AND REQUEST FOR JURY TRIAL

### (Breach of Contract)

Defendant, The William Carter Company, by and through counsel, complaining of the Plaintiff alleges as follows:

### Factual Allegations

1.    Plaintiff Susan Tate is a former employee of the Defendant. Plaintiff last worked at Defendant's Harlingen, Texas facility as an Occupational Health Nurse from April 1997 until on or about May 11, 2001.

2.    Defendant closed its Harlingen facility in May 2001 for business reasons. Pursuant to this plant closing, Defendant offered a severance pay plan for the salaried employees affected by the plant closing. As a condition to be eligible for and receiving this offered severance pay, salaried employees agreed to execute a form contract entitled "Election Form and Agreement for Severance Pay Plan."

3.      On May 2, 2001, Plaintiff accepted Defendant's offer and executed an Election Form and Agreement for Severance Pay Plan (hereinafter "Agreement"). A copy of the executed Agreement is attached to this Answer and Counterclaim as "Exhibit A."

4.      Under the Agreement, Plaintiff released Defendant from any and all legal claims, whether known or unknown, that she might have against Defendant relating in any way to her employment or termination of employment. Furthermore, Plaintiff covenanted not to sue Defendant for any such released claims. Specifically, the Agreement states that

> "[I, Plaintiff] hereby release [Defendant William Carter] from all claims, liabilities, demands and causes of action, known or unknown, fixed or contingent, which I may have or claim to have against William Carter relating in any way to my employment or to the termination of my employment, and I covenant not to file a lawsuit asserting any such claims. This release includes but is not limited to claims arising under federal, state or local laws prohibiting employment discrimination (including the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, and the Americans With Disabilities Act) or claims growing out of any legal restrictions on the Company's rights to terminate its employees."

5.      Plaintiff's execution of this Agreement was knowing, voluntary, and made after the opportunity to confer with legal counsel. Plaintiff acknowledged that before accepting its terms, she had forty-five (45) days to decide whether or not to accept its terms. Furthermore, Plaintiff agreed that "[b]y signing this

Agreement, I [Plaintiff] confirm that I have obtained whatever legal or other advice I felt necessary."

6.    After signing the Agreement, Plaintiff had an additional seven (7) days in which to revoke the Agreement.  Despite this opportunity, Plaintiff chose not to revoke the agreement.

7.    Defendant fully performed its obligations under the Agreement and provided Plaintiff with severance pay in consideration for the Agreement.

8.    Despite the Agreement, Plaintiff filed this lawsuit against Defendant on May 17, 2002, alleging violations of Title VII based upon alleged events relating to her employment and/or her termination of employment.  Those alleged events occurred before Plaintiff executed the Agreement releasing Defendant from these legal claims and covenanting not to bring suit over them.

<u>FIRST CLAIM FOR RELIEF</u>

9.    Defendant re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 8 of this Counterclaim

10.    The Agreement between Plaintiff and Defendant was in full force and effect at all times relevant to this lawsuit.

11.    Despite her covenant not to sue Defendant over claims relating to her employment or termination of employment, Plaintiff filed this lawsuit against

9

Defendant based upon allegations of unlawful conduct relating to her employment and/or termination of employment.  This conduct on the part of Plaintiff constitutes a breach of the covenant not to sue contained in the Agreement.

12.    As direct and proximate result of this breach, Defendant has suffered actual damages in an amount to be determined at trial, including, but not limited to, attorneys' fees and costs necessary to defend against these legal proceedings.

13.    Defendant requests a jury trial on this Counterclaim.

WHEREFORE, the Defendant requests that:

1.    The Plaintiff have and recover nothing of the Defendant;

2.    The Court dismiss Plaintiff's claims with prejudice;

3.    The Court award Defendant the costs of this action including reasonable attorneys' fees; and

4.    The Court award Defendant its damages resulting from Plaintiff's breach of contract;

5.    The Court award Defendant such other and further relief that the Court may seem just and proper.

Respectfully submitted,

James M. Powell
N.C. State Bar No. 12521
P.O. Box 13310
Greensboro, NC  27415-3310
Telephone:  336.375.9737
Telecopier:  336.375-4430

Attorney-In-Charge for Defendant
William Carter Company

OF COUNSEL:

MEREDITH, DONNELL & ABERNATHY
Jose L. Gamez
Texas Bar No. 07607100
Southern Dist. No. 6151
Water Tower Centre
612 Nolana, Suite 560
McAllen, TX  78504
Telephone:  956.618.4477
Telecopier:  956.618.4557

ATTORNEY FOR DEFENDANT
WILLIAM CARTER COMPANY

11

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a copy of the foregoing document upon the following person(s), by placing a copy of the same in the United States Mail, (certified) properly addressed and with the correct amount of postage affixed thereto:

> Susan Tate
> 2925 Jacaranda
> Harlingen, TX  78550

Dated this the _____ day of June, 2002.

> MEREDITH, DONNELL &
> ABERNATHY
>
> Jose L. Gamez

Water Tower Centre
612 Nolana, Suite 560
McAllen, TX  78504
956.618.4477

12

**EXHIBIT A**

THE WILLIAM CARTER COMPANY
ELECTION FORM AND AGREEMENT FOR SEVERANCE PAY PLAN
HARLINGEN, TEXAS PLANT CLOSING

**Date Distributed: May 2, 2001**

**Distributed to:    Susan Tate**

PLEASE READ CAREFULLY. THIS FORM INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

YOU SHOULD CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS FORM.

I acknowledge that a copy of The WILLIAM CARTER COMPANY SEVERANCE PAY PLAN (the "Plan") has been given to me. I also acknowledge that the Plan has been explained to me to my satisfaction. If I accept the severance payments of the Plan by signing this Election Form and Agreement (the "Agreement"), severance pay will be provided to me in the amounts and for the periods of time as determined under the Plan. I understand that my election to accept the severance payments of the Plan will settle fully any and all claims I might have relating to my employment and to the termination of my employment with The William Carter Company ("William Carter" or the "Company"). I recognize that I am under no obligation whatsoever to accept the severance payments of the Plan, and that I may request a copy of this Agreement and delay my decision whether or not to accept for up to forty-five (45) days for any reason, including to confer with any lawyer or other advisor I may wish to consult. By signing this Agreement, I confirm that I have obtained whatever legal or other advice I felt necessary.

I also acknowledge that I have received a document identifying the job title and age of each employee in the decisional unit, and whether or not each employee was selected for termination. Additionally, I acknowledge that I have received an Employee Severance Summary, identifying the total severance compensation I am entitled to under the Plan in exchange for signing this Agreement.

In consideration of the severance pay offered me under the Plan, I hereby release and discharge William Carter, its subsidiaries and affiliates, and their employees, officers and directors, from all claims, liabilities, demands and causes of action, known or unknown, fixed or contingent, which I may have or claim to have against William Carter relating in any way to my employment or to the termination of my employment, and I covenant not to file a lawsuit asserting any such claims. This release includes but is not limited to claims arising under federal, state or local laws prohibiting employment discrimination (including the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, and the Americans With Disabilities Act) or claims growing out of any legal restrictions on the Company's rights to terminate its employees. This release does not have any effect on any benefits I may be entitled to receive under other employee benefit plans maintained by the Company or on any right or claim that may arise after I sign this Agreement.

I have carefully read and fully understand all the provisions of this Agreement, which, together with the Plan and Employee Severance Statement, sets forth the entire agreement between me and the Company. I have not relied upon any statement or representation, written or oral, not set forth in this document, the Plan, or Employee Severance Statement.

Signed this ___2___ day of ___May___, 2001.

_____
Employee Signature

_____
Print Name

NOTICE: YOU HAVE THE RIGHT TO REVOKE THIS AGREEMENT AND YOUR ACCEPTANCE OF SEVERANCE PAY. TO EXERCISE YOUR RIGHT TO REVOKE, YOU MUST NOTIFY THE COMPANY IN WRITING OF YOUR DECISION TO REVOKE WITHIN SEVEN (7) DAYS FROM THE DATE YOU SIGN THIS AGREEMENT.

ACKNOWLEDGMENT OF RECEIPT: The employee has acknowledged to me that he/she has carefully read and fully understands each provision contained in this Agreement.

Received this __14th__ day of ___May___, 2001.

By: _____
William Carter Company Representative

Signed Agreements should be returned to the Human Resources Department.