IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 9 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SUSAN TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM CARTER COMPANY, ) | CASE NO. B-02-103 |
| ) | |
| Defendant. ) | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

NOW COME Plaintiff, pro se, and Defendant, by and through its undersigned counsel, and jointly submit this Joint Discovery/Case Management Plan under Rule 26(f) Federal Rules of Civil Procedure to the Court. The parties agree to the following:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The meeting of the parties required under Rule 26(f) was held via telephone on July 26, 2002 at 9:00 a.m. CST. The conference was attended by John E. Pueschel, counsel for Defendant, and the Plaintiff, Susan Tate, pro se.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

None.

3. **Specify the allegation of federal jurisdiction.**

Plaintiff's allegations of violations of Title VII of the Civil Rights Act of 1964 bring this matter within the subject matter jurisdiction of this court.

4. **Name the parties who disagree and the reasons.**

Plaintiff Susan Tate, a former employee of Defendant, alleges that she was subjected to sexual harassment, harassment, assault, invasion of privacy, and intentional infliction of emotional distress by an employee of Defendant. Defendant The William Carter Company denies Plaintiff's allegations. Defendant has also filed a Counterclaim against Plaintiff to enforce a covenant not to sue entered by and between Plaintiff and Defendant in 2001 pursuant to a severance agreement.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff contends Gary Butts should be added. Plaintiff states Mr. Butts will be added once Plaintiff is able to locate his residence.

6. **List anticipated interventions.**

None.

7. **Describe class-action issues.**

None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

2

Neither party has made the initial disclosures required by Rule 26(a). The parties agree to serve their initial disclosures by August 31, 2002.

**9. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

(1) The parties agree that no changes need to be made to the timing, form, or requirements for disclosure under Rule 26(a). The parties agree to serve their initial disclosures by August 31, 2002.

(2) The parties agree that discovery will be needed on all issues relating to Plaintiff's claims of sexual harassment, harassment, assault, invasion of privacy, intentional infliction of emotional distress, and all issues relating to Plaintiff's claims for damages. The parties further agree that discovery will be needed on all issues relating to the defenses raised in Defendant's Answer, as well as issues relating to Defendant's Counterclaim and claim for damages.

(3) The parties agree that no changes need be made to the limitation on discovery under the Federal Rules of Civil Procedure.

(4) The parties agree that no additional orders pursuant to Rules 26(c), 16(b), or 16(c) are required at this time.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

The Defendant. Plaintiff anticipates it will send interrogatories to the Defendant by serving them upon Defendant within 30 days of the submission of this plan.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates that it will send interrogatories to the Plaintiff by serving them upon Plaintiff by August 2, 2002.

  **D.** **Of whom and by when the plaintiff anticipates taking oral depositions.**

Corporate representatives, and possibly Gary Butts, as well as other current and former employees of William Carter. Depositions will be completed prior to the close of discovery.

  **E.** **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral deposition of Plaintiff by September 17, 2002. Defendant anticipates taking the oral deposition of Plaintiff's husband prior to the close of discovery.

  **F.** **List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

None anticipated at this time. If such experts are identified, the Plaintiff agrees that expert depositions will be conducted and reports disclosed prior to the close of discovery at a time agreed to by the parties.

  **G.** **List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

At this time, Defendant has not identified any experts or whether there will be any need for expert testimony. However, if such experts are identified, the Defendant agrees that expert depositions will be conducted and reports disclosed prior to the close of discovery at a time agreed to by the parties.

  **10.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree on the discovery plan jointly submitted herein.

**11.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been taken as of this date.

**12.    State the date the planned discovery can reasonably be completed.**

The parties agree that all discovery in this case may reasonably be completed by November 29, 2002.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed the possibility of settlement at their Rule 26(f) conference and agree that such discussions are premature. The parties agree to revisit the issue of settlement prior to the close of discovery.

**14.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties agree that they will discuss the possibility of settlement prior to the close of discovery.

**15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

The parties agree that they will discuss the possibility of mediating this dispute prior to the close of discovery.

**16.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**17.     State whether a jury demand has been made and if it was made on time.**

Plaintiff has timely requested a jury trial on all claims. Defendant has timely requested a jury trial on its Counterclaim.

**18.     Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that it will take approximately forty (40) hours to present evidence in this case.

**19.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**20.     List other motions pending.**

None.

**21.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**22.     List the names, bar numbers, addresses, and telephone numbers of all counsel.**

> James M. Powell
> N.C. Bar No. 12521
> HAYNSWORTH BALDWIN JOHNSON & GREAVES, LLC
> P.O. Box 13310
> Greensboro, NC  27415-3310
> Telephone:  336.375.9737
> Telecopier:  336.375-4430

John E. Pueschel
N.C. Bar No. 28030
HAYNSWORTH BALDWIN JOHNSON & GREAVES, LLC
P.O. Box 13310
Greensboro, NC 27415-3310
Telephone: 336.375.9737
Telecopier: 336.375-4430

Jose L. Gamez
MEREDITH, DONNELL & ABERNATHY
Texas Bar No. 07607100
Southern Dist. No. 6151
Water Tower Centre
612 Nolana, Suite 560
McAllen, TX 78504
Telephone: 956.618.4477
Telecopier: 956.618.4557

This the 31 day of July, 2002.

_____
Susan Tate, Plaintiff pro se

_____
James M. Powell
N.C. State Bar No. 12521
P.O. Box 13310
Greensboro, NC 27415-3310
Telephone: 336.375.9737
Telecopier: 336.375-4430

Attorney-In-Charge for Defendant
William Carter Company

OF COUNSEL:

MEREDITH, DONNELL & ABERNATHY
Jose L. Gamez
Texas Bar No. 07607100
Southern Dist. No. 6151
Water Tower Centre
612 Nolana, Suite 560
McAllen, TX 78504
Telephone: 956.618.4477
Telecopier: 956.618.4557

ATTORNEY FOR DEFENDANT
WILLIAM CARTER COMPANY

## ORDER OF APPROVAL

The Court has reviewed the Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure submitted by the parties. The Plan is approved without modification.

_____
For the Court